EDGAR RICHARDSON, BY HIS NEXT FRIEND, J. M. RICHARDSON, v. J. LIBES AND MARY LIBES.

(Filed 21 June, 1924.)

**Husband and Wife—Statutes—Principal and Agent—Negligence—Explosives.**

A wife may appoint her husband as her agent for doing in her behalf work which may be of such dangerous character as to be a menace to the safety of others, and is liable with him for his negligence that, while acting as her agent, he proximately caused an injury to a child who found explosive caps negligently left by him while causing her lot to be blasted and excavated on a bordering street. C. S., 2507. *Krachanake v. Mfg. Co.,* 175 N. C., 435; *Barnett v. Cotton Mills,* 167 N. C., 580, cited and applied.

CIVIL ACTION for injuries suffered by the alleged negligence of defendant, tried before his Honor, *Lane, J.,* and a jury, at September Term, 1923, of FORSYTH.

On issues submitted as to the alleged negligence of defendant—contributory negligence on part of plaintiff and damages, there was verdict for plaintiff. Judgment on the verdict, and defendant excepted and appealed.

*John D. Slawter and Swink, Clement & Hutchins for plaintiff.*
*W. T. Wilson for defendant.*

HOKE, C. J. There is evidence on the part of the plaintiff tending to show that defendants are husband and wife, and on or before 13 March, 1922, J. Libes, the husband, was engaged in making excavations in the grading of Peachtree Street in the city of Winston, bordering on certain town property belonging to his wife, the codefendant, and that he was doing the work, or having it done, as the authorized agent of his wife. That a lot of blasting was necessary for the proper carrying on of the work and that J. Libes, in the line of his supervision and control, procured and supplied to the workmen the dynamite and caps necessary to explode the same, and that in the course of the work he negligently left this material so unguarded and exposed that it was readily accessible to children living and playing in the vicinity of the improvements. That plaintiff, a child about six years of age, with a small companion, found and obtained one of these caps and in playing with the same in the yard of plaintiff's father it exploded, inflicting on plaintiff's hands and arms painful, serious and permanent injuries, for which he brings suit. For defendant, there were facts in evidence in denial of plaintiff's claim and tending to show that defendant J. Libes, the husband, was not acting in this matter as the agent of the wife, and that she knew nothing of the work. That said husband was not negligent in the matter as charged, and that the work was being done by independent contractors who were alone at fault. Under a correct, clear and comprehensive charge, these opposing averments were submitted to the jury who have accepted the plaintiff's version of the occurrence; and this being true, a cause of action is clearly established. Under our legislation applicable, and on the facts presented, the wife was competent to appoint her husband as her agent, C. S., 2507 (the Martin Act); *Croom v. Lumber Co.*, 182 N. C., 217; *Thrash v. Ould,* 172 N. C., 728-730; *Royal v. Southerland,* 168 N. C., 405; *Lipinsky v. Revell,* 167 N. C., 508, and in such case she becomes responsible with him for acts within the course and scope of the agency as in other instances. *Munick v. Durham,* 181 N. C., 188; *Cook v. R. R.,* 128 N. C., 333. On the facts established by the verdict, the principles applicable and sustaining recovery are well set forth in *Krachanake v. Mfg. Co.,* 175 N. C., 435, and *Barnett v. Mills,* 167 N. C., 580, and we find no valid reason for disturbing the results of the trial.

No error.