No. 3466

Second Circuit

## HUNT ET UX v. RUNDLE

(March 12, 1929.   Opinion and Decree.)
(April 21, 1929.   Rehearing Refused.)
(May 30, 1929.   Writ of Certiorari and Review Refused by Supreme Court.)

Joseph H. Levy, of Shreveport, attorney for plaintiffs, appellees.

Cook and Cook, of Shreveport, attorneys for defendant, appellant.

WEBB, J.   The employees of defendant, C. O. Rundle, in doing certain plumbing work on the premises occupied by Henry M. Hunt and his family, used gasoline in firing a furnace used in the work, which was carried in a five-gallon can, which

was stored on the premises by the workmen, during the progress of the work, or for a period of several days, and the present action was brought by Henry M. Munt, appearing individually and on behalf of his minor son, Moseley Hunt, against C. O. Rundle, to recover damages alleged to have been sustained by the child having been burned in using gasoline obtained from the can stored on the premises.

Plaintiff alleged that the gasoline had been stored on the premises without his knowledge, and that it had been negligently left at a place where it was easily accessible to his children, and that the can was improperly sealed, and that his son, Moseley Hunt, had taken gasoline from the can, which he had carried to a playhouse on the premises, where he called one of his playmates to show him a trick, which was to start a fire with the gasoline, and in thus using the gasoline the child's clothing was ignited from the sudden flare-up of the flame when the gasoline was poured on the fire, resulting in the child's being severely burned, and causing an expenditure by plaintiff for attention to the child.

Defendant admitted that the gasoline had been left on the premises by the workmen during the course of the work, but he denied that the receptacle containing the gasoline had been left in a place easily accessible to children, or that the receptacle was improperly sealed, or that plaintiff's child, Moseley Hunt, had obtained any gasoline from the receptacle, and defendant further pleaded that, in event it should be held that the child had been burned with gasoline obtained from the receptacle stored by the workman on the premises, and that he, defendant, was negligent in storing the gasoline, that the child was capable of appreciating the danger of gasoline and was guilty of contributory negligence.

On trial, judgment was rendered in favor of the plaintiff, Henry M. Hunt, individually, for five hundred sixty-one and 50-100 dollars, the aggregate of the amounts alleged to have been expended and obligations incurred by him in having his child attended, and in the sum of eight thousand dollars, for the use and benefit of his son, Moseley Hunt, with interest as prayed for, from which judgment defendant appealed, and plaintiff has answered the appeal asking that the judgment for the use and benefit of the child be increased to twelve thousand five hundred dollars.

It is conceded that when the work was not in progress the can containing the gasoline was stored by the workmen under the plaintiff's dwelling house and that plaintiff did not have knowledge of such fact, and the plaintiff's contention is that it was stored at a point where it could easily be seen by plaintiff's children, and that the openings were closed with oakum, which could easily be removed, and that Moseley Hunt had taken the gasoline used by him in making a fire in the playhouse, from the can, with the results as stated, while defendant contends that the workmen, who stored the gasoline under the house, had placed it at a point where it could not be seen by the children, and that the openings were closed with caps or screw tops, and there was also some evidence offered tending to show that Moseley Hunt could have obtained gasoline from the tank of a Ford automobile which was kept on the premises by a brother-in-law of plaintiff.

There is an irreconcilable conflict between the testimony of the witnesses called by the respective parties, as to the place where the can containing the gasoline was

stored, and as to whether the openings were closed with oakum or screw tops; however, from our review of the record, we find that the preponderance of the evidence established that the can containing the gasoline was stored at a point just under the house where it could easily be seen by the children, and that the openings were closed with oakum, and there is not any evidence in conflict with the statement of Moseley Hunt that he obtained gasoline from the can, which he used in starting a fire in his playhouse, and it is further shown that the workman had full knowledge of the presence of the children, as they had, as children usually do, followed and watched him while he was working.

In support of the contention that these facts establish negligence on the part of defendant, plaintiff cites Jackson vs. Texas Co., 143 La. 21, 78 So. 137, L. R. A. 1918D, 150; Powers vs. Harlow, 53 Mich. 507, 19 N. W. 257, 51 Am. Rep. 154; Iamurri vs. Saginaw City Gas Co., 148 Mich. 27, 111 N. W. 884; and Folsom-Morris vs. De Vork, 61 Okl. 75, 160 P. 64, L. R. A. 1917A, 1290; however, we do not think that any of the cases are strictly analogous with the present, as in Jackson vs. Texas Co. and Folsom-Morris vs. De Vork defendant had or could have had knowledge that the children were playing with the dangerous agency by which they were injured, and the same was the case in Iamurri vs. Saginaw City Gas Co., and in Powers vs. Harlow, while the question related to the degree of care to be used in storing dangerous substances, in that case the substance was dynamite or dynamite caps, which is recognized as highly dangerous, due to the fact that it may be exploded by concussion, and while there is some similarity between the cases cited and the present, in that they all recognize that a high degree

of care must be exercised in guarding and protecting dangerous agencies as to children, who are known or may be expected to come in contact with such agencies, than would otherwise be required.

It is well recognized that the degree of care to be exercised in storing dangerous articles is commensurate with the dangerous character of the article, and it cannot be said that a commodity, such as gasoline, which is in general use, and which is not inherently dangerous, must be kept with the same degree of care as to the place of storage and persons who are known or should be known to have access to the place, as would be the case as to substances which are recognized as inherently dangerous; however, it must be conceded that some degree of care is required in storing gasoline, the presence of which is recognized as increasing the danger from fire, and as dangerous in the hands of children, who are not familiar with its properties, and we do not think that the workman of defendant, in storing the gasoline under plaintiff's residence, where it was easily accessible to children of whose presence he was aware, can be said to have exercised the slightest degree of care, either with respect to the place which he selected to store the gasoline or with regard to the children, whom he knew had access to the place.

While it may be that the workman did not apprehend that the child would take the gasoline from the receptacle and use it in making a fire, he did know that the gasoline was stored in a place easily accessible to the child, and that he could obtain gasoline from the receptacle, and that gasoline in the hands of the child could be a dangerous instrumentality, and we are of the opinion that the workman was grossly careless and negligent in stor-

ing the gasoline under the residence of plaintiff, and in storing it at a place where it was easily accessible to the children, of whose presence he was fully aware, and that his negligence was the proximate cause of the injury sustained by the child, although the workman did not anticipate the particular consequences of his negligence.

On the plea of contributory negligence, it was shown that the child, Moseley Hunt, had not informed his brothers, who were a few years older than he, that he had taken the gasoline, and the reason given by him for not telling his brothers was that he was afraid they would take it away from him, and it is contended that the child is thus shown to have had knowledge of the dangerous character of gasoline.

Moseley Hunt at the time of the accident was under seven years of age, and it is generally held that, as a matter of law, a child under seven years of age cannot be held guilty of contributory negligence (Negligence, R. C. L., vol. 20, page 127, Sec. 106; Westerfield vs. Levis, 43 La. Ann. 63, 9 So. 52); but conceding that the rule does not prevail here, and that a child between six and seven years of age may be shown to have been capable of being guilty of negligence, the fact that Moseley Hunt did not tell his older brothers (one of whom is also shown to have obtained gasoline from the receptacle left by the workman on the premises, and to have burned it in the presence of Moseley Hunt) does not show that Moseley Hunt knew of the dangerous character of gasoline or that he appreciated the danger of using it, as he did in making a fire, and we do not think the statement made by him can be said to establish that he was guilty of contributory negligence.

Both parties complain of the amount of the award. The burns sustained by the child extended from the chest to the knees, and he was under treatment for a period of about ten or eleven months; and while the details of his suffering, as related by some of the witnesses, is harrowing, he did not suffer continuously during the period he was under treatment, and the permanent injuries appear to be only a noticeable limp or impediment in his gait (which the evidence shows should and can be corrected by an operation which is not indicated will be either serious or expensive) and the scars from the burns, from which the child suffers an itching sensation at times, which plaintiff is apprehensive may develop into cancer.

The evidence does not, however, establish more than that cancer may result from the scars, not that there is any indication of cancer, and we do not think that any allowance could be made as to such apprehended damage (Washington & G. R. Co. vs. Tobriner, 147 U. S. 571, 13 S. Ct. 557, 37 L. Ed. 284), and that the only allowance which could be made is for the pain and suffering from the burns during the period of treatment and the itching sensation with which the child suffers, and the permanent disfigurement, consisting of the scars and the impediment in his gait, and the trial judge having seen the child at the time of the trial, we cannot say that the amount fixed was erroneous.

While the permanent injuries are not of such character as to disable him, yet the evidence establishes that he suffered excruciating pain for a long period of time, and that his body is permanently disfigured, and we do not think that the amount awarded for the use and benefit of the child should be decreased.

The judgment is affirmed.