## SOUTHERN PUBLIC UTILITIES CO. v. THOMAS.

### No. 3839.

Circuit Court of Appeals, Fourth Circuit.

June 3, 1935.

W. B. McGuire, Jr., of Charlotte, N. C. (W. S. O'B. Robinson, Jr., of Charlotte, N. C., on the brief), for appellant.

E. C. Bivens, of Mt. Airy, N. C. (A. E. Tilley, of Mt. Airy, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

Melvin Thomas, a child not quite five years of age, was seriously burned in May, 1933, when he poured into the fire in his mother's kitchen stove some gasoline which workmen in the employ of the Southern Public Utilities Company, defendant in the court below, had unintentionally left on the porch of the Thomas home, after they had repaired a washing machine sold by the Utilities Company to the father of the child. The question in the case is whether the failure of the workmen to take the gasoline away with them when they had finished the job constituted negligence which was the proximate cause of the accident.

The washing machine was on the back porch, and it was there that the work was done. The crankcase of the machine was drained and washed out with gasoline, which the workmen had brought with them in a gallon tin can, supplied with a screw cap. After the machine was cleaned, more than a pint of gasoline remained in the can. The cap was replaced and the can set down upon the porch. In gathering up their tools, the men overlooked the can and went away without it.

While the men worked on the porch, three children, including the infant plaintiff, stood by and watched them. One child picked up a knife and was made to put it down. Two of the children went off to school before the work was finished, but Melvin remained. After the men had left, he accompanied his mother when she went to drive the cow into a lot a short distance from the house. Upon their return, he preceded her. He found the gasoline, poured some of it into a fruit jar,

and then, entering the kitchen, poured it into the stove because he thought it was lamp oil and "wanted to make mamma's fire burn better." Previously, Mrs. Thomas had used kerosene in building fires.

The verdict below was for the plaintiff, and the defendant complains of the action of the District Judge in refusing to direct a verdict in its behalf. It is said that a person of ordinary prudence in the workmen's place could not have foreseen, as a natural and probable result of their omission to take the gasoline away, that the boy would remove the cap from the can and pour some of the contents into the fire. Hence it is contended that the proximate cause of the injury was not the negligent act of the defendant, but the child's own conduct. We agree that in determining what was the proximate cause of the accident, the test is whether the injury was a reasonably foreseeable event, or the natural and probable consequence of the omission of the defendant's workmen. Elkton Auto Sales Corp. v. State of Md., to use of Ferry (C. C. A.) 53 F.(2d) 8. On this point, there is no disagreement. The controversy arises in the application of the rule to the facts of the case. In similar situations it has been deemed pertinent that explosive substances have been left unguarded and accessible to children in a place where they had the right to be, and whither they might be expected to come. Barnett v. Cliffside Mills, 167 N. C. 576, 577, 83 S. E. 826; Krachanake v. Acme Mfg. Co., 175 N. C. 435, 437, 95 S. E. 851, L. R. A. 1918E, 801, Ann. Cas. 1918E, 340; Richardson v. Libes, 188 N. C. 112, 123 S. E. 306; Stephens v. Lumber Co., 191 N. C. 23, 131 S. E. 314, 43 A. L. R. 426; Hunt v. Rundle, 10 La. App. 604, 120 So. 696; Mathis v. Granger Brick Co., 85 Wash. 634, 149 P. 3; Fisher v. Burrell, 116 Or. 317, 241 P. 40; Jacobs, Adm'r, v. N. Y., N. H. & H. R. Co., 212 Mass. 96, 98 N. E. 688, 40 L. R. A. (N. S.) 41; Dahl v. Valley Dredging Co., 125 Minn. 90, 145 N. W. 796, 52 L. R. A. (N. S.) 1173; Carpenter v. Miller & Son, 232 Pa. 362, 81 A. 439, 36 L. R. A. (N. S.) 932.

Bearing in mind that gasoline is a substance inherently dangerous (see Palacine Oil Co. v. Philpot, 144 Okl. 123, 289 P. 281, Standard Oil Co. v. City of Marysville, 279 U. S. 582, 49 S. Ct. 430, 73 L. Ed. 856), we are unable to conclude that there was no actionable negligence in the instant case. We cannot say, as the defendant argues,

that there was nothing about the gasoline can to attract the child, or that his conduct was so unexpected that it could not have been reasonably foreseen. Quite the contrary seems to us to be the tendency of the evidence. The workmen had come into the child's own home, bringing with them a volatile liquid, highly inflammable when contact with fire is established. It was noticed that the curiosity of the child and his playmates was provoked by the repairing of the washing machine. Thoughtlessly, the dangerous substance was left behind on the porch of the home where, in the month of May, the child was most likely to spend time in play. What more probable than that he should find the can, or more natural than that in his ignorance he should handle the contents in a manner dangerous to his safety? In our opinion, the District Judge was right in submitting the question to the jury, and the judgment of the District Court is affirmed.