PRICE, Judge.
This is an appeal by Willie Leon Jones, individually and on behalf of his minor child, Candy Jones, from the judgment rejecting his demands for damages for personal injuries and medical expenses resulting from Candy having been severely burned by a gasoline fire.
Defendants in this action are Henry Robbins, the owner of a service station in Mansfield, and his employee, George Robbins. Plaintiff alleges defendants are liable for the injuries suffered by Candy Jones as George Robbins was negligent in selling a small quantity of gasoline to six year old Penny Wyatt, the half sister of Candy, which started the chain of events ultimately causing Candy to receive severe burns on her legs.
The operative facts giving rise to this litigation are substantially as follows:
Around 3:00 o’clock in the afternoon of June 9, 1971, Penny Wyatt appeared at the Robbins Service Station with a small glass container and told George Robbins her mother wanted some gasoline. According to Robbins’ testimony she was told gasoline could not be put in glass containers because of the danger and her mother would have to send a plastic type container. As the Jones’ residence was ■ located a short distance from the station, Penny returned in a few minutes with a larger glass jar and was again instructed by Robbins that the container had to be plastic. She returned a second time with a plastic jug of the type used for the sale of gallon quantities of milk and Robbins poured her four cents worth of gasoline. After paying for the gasoline, Penny left the station and returned to the side yard of the Jones’ residence. According to her testimony, she had purchased the gasoline without the knowledge of her mother, Alberta Jones, to clean paint from her hands. After washing her hands with the gasoline she left *814 the container on a well curb in the yard. Another sister, Zelma Wyatt, age 8, played with the gasoline during the intervening time between its purchase and the happening of the accident. Some time shortly before 5:00 o’clock, four year old Candy Jones came upon the scene with a match she found on the ground, and after striking the match threw it into the gasoline container. This ignited the gasoline, causing her clothing to catch fire and resulted in severe burns to the rear portion of both legs.
We believe the foregoing resumé of facts is in substantial accord with the evidence, and although there is some dispute as to the type of container the gasoline was placed in (whether an open pail type or a jug with a screw on top) we are of the opinion the preponderance of the testimony depicts it as a jug with a top. There is no evidence to contradict Robbins’ testimony that he remembered screwing the top or cap on the jug prior to handing it over to Penny Wyatt.
In his petition initiating this action, plaintiff specifically charged George Robbins with the following negligence causing the injury to Candy Jones:
(1). In entrusting an inherently dangerous substance to the care of a six year old child.
(2). In permitting the gasoline to be carried away from the premises by a six year old child without the supervision of a responsible person.
(3). In creating an attractive nuisance by placing the gasoline in an open plastic container in the hands of a small child.
In written reasons for judgment the trial judge found no actionable negligence on the part of George Robbins under the circumstances surrounding the sale of the gasoline to Penny Wyatt, even though she was a six year old child, and rejected the plaintiff’s demands. The factors leading to his conclusion are summarized by him as follows:
“The facts upon which the decisions of the cases cited by the Plaintiffs are predicated are easily distinguishable from the facts of the instant case. Here a child comes to a service station for gasoline, stating she has been sent by her Mother. She has four cents, and the station attendant pumped her gasoline into a gallon plastic container, and she left with it. Her home was only a short distance away. In fact, it was in sight, less than a block away. The child knew what she wanted, and knew some of its dangerous qualities because Robbins had refused her twice (once by her own admission) because she wanted it in a glass container. The Court finds no actionable negligence on the part of George Robbins, and, accordingly, the demands of the Plaintiffs are rejected, at their costs.”
On this appeal the plaintiff contends the trial judge erred in not finding actionable negligence on the part of Robbins in selling such a highly dangerous substance to a six year old child without warning the child of its dangerous characteristics and without making inquiry as to whether the child had any adult supervision, particularly since the child had previously shown the lack of understanding of the danger of gasoline by attempting to purchase it in a Robbins had knowledge the child did not glass container. Plaintiff also contends receive proper supervision at home and that this factor would increase the foreseeable probability of such an accident resulting from the sale as did happen in this case.
To establish actionable negligence on the part of the defendant, plaintiff must not only prove defendant has committed a wrongful act but also must show the defendant’s act was the legal or proximate cause of the injury sued on.
*815 In the recent case of Larkin v. United States Fidelity and Guaranty Co., 258 So.2d 132 (La.App.2d Cir. 1972), this court extensively discussed and reviewed the jurisprudence on negligence and proximate cause and set forth the rules which we consider applicable in analyzing this case, as follows:
“Thus, the general rule is that before an act of commission or of omission may be regarded as negligence, the person charged therewith must have knowledge or notice that such act or omission involves danger to another, or as a reasonably prudent person, he should have foreseen or anticipated the injury or danger and guarded against it. Anticipation and foreseeability are, therefore, important considerations in determining liability for negligence. The governing consideration as to the knowledge or notice of a defect or danger required for a showing of negligence is what the person sought to be charged should have reasonably foreseen or anticipated; and the rule is that one is bound to anticipate and guard against the reasonable and natural consequences of his own conduct or wrongful acts. Thus, actual anticipation is not the test but what one should, under the circumstances, reasonably anticipate as a consequence of his conduct. However, a person is not chargeable with negligence in failing to provide against danger or injury which a reasonably prudent person would not have foreseen or anticipated.”
Applying the foregoing rules to the facts of this case, we agree with the conclusion of the trial judge that there was no actionable negligence on the part of George Robbins.
Gasoline, although dangerous when used improperly, is not an inherently dangerous substance such as nitroglycerin or dynamite and the degree of care to be exercised in the storage or sale of gasoline is not the same as required in connection with inherently dangerous explosives. Hunt v. Rundle, 10 La.App. 604, 120 So. 696 (2d Cir. 1929). The degree of care must be determined in each individual case on the basis of the reasonable foreseeable risk of harm to someone by the manner in which the commodity is being stored, handled or dispensed to the public. There is no statutory prohibition against the sale of gasoline to a minor. The only statute we are aware of affecting the purchase or sale of gasoline is LSA-R.S. 51:801, prohibiting the use of glass containers. Whether or not a retail dealer is liable under the general law of negligence for any harm resulting to someone from the sale of gasoline to a minor would depend on the facts and circumstances presented in each individual case.
The evidence indicates Robbins was under a reasonable belief that Penny Wyatt was on an errand for her mother. This is all the more reasonable in that Penny made two or more trips back and forth from her residence in compliance with Robbins’ instructions that her mother must send an appropriate container before he could sell her gasoline. He knew Penny and her mother and knew she lived very close to the service station. The mere fact that he knew she was not closely supervised at all times would not have necessarily led him to suspect she was not purchasing the gasoline for her mother as represented by the child. After Penny returned to her home, the ensuing accident did not happen until at least an hour and a half later. Judging the conduct of Robbins on the basis of the circumstances that faced him at the time of sale (as opposed to application of a hindsight test), it does not appear that he should reasonably have foreseen that the gasoline was sought by the child for her own use rather than for her mother, nor that some other child would throw a match into the container at least an hour and a half later. We do not consider it appropriate to impose liability under these circumstances.
*816 The cases cited and relied on by plaintiff in brief to this court involve factual situations varying from the circumstances involved herein to such an extent that we do not consider the holdings in these case's to be apposite to the issue presented here.
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.