HALL, Judge.
Candy Jones, four year old daughter of Willie Leon Jones, was severely burned when she threw a lighted match into a plastic container partially filled with gasoline. The gasoline was sold to or given to Candy’s seven year old half sister by George Robbins, employee of Henry Robbins, owner of Robbins’ Gulf Service Station in Mansfield, Louisiana. Willie Leon Jones, individually and as administrator of the estate of his minor daughter, sued Henry Robbins and George Robbins for damages arising out of the accident. The district court held the defendants were not negligent and rejected plaintiff’s demands. On appeal this court affirmed the district court’s judgment. La.App., 275 So.2d 812. Writs were granted by the Louisiana Supreme Court, 277 So.2d 671, which reversed the holding of this court, held the defendants liable, and remanded the case to us for the assessment of damages. La., 289 So.2d 104.
After the accident, which occurred on the afternoon of June 9, 1971, Candy was taken to DeSoto General Hospital in Mansfield, Louisiana, and later that day was taken to Confederate Memorial Medical Center in Shreveport, Louisiana.
In lieu of the testimony of the physicians who treated Candy, the medical records of the Confederate Memorial Med *362 ical Center were introduced into evidence without objection. The records consist of an admitting form, the admitting room accident report, daily progress reports and written reports of Dr. Walter P. Ledet, Jr.
These records show Candy received second degree burns on the back of her left leg and third degree burns of the back of her right leg. The reports indicate she progressed well. On June 30, Dr. Ledet performed a split thickness skin graft on the child’s right leg and placed the leg in a cast. Candy was released from Confederate on July 8, twenty-nine days after the accident. On July 13, Dr. Ledet examined Candy and reported she was doing well and instructed her mother to take care of the wound with daily hydrogen peroxide cleansings and Garamycin Ointment. Dr. Ledet examined Candy on July 20, and reported the split thickness skin graft had taken over the entire area, she had complete range of motion of the knee and she was able to touch the floor with her knees without difficulty. He further reported he felt this represented excellent results and discharged Candy.
The burns sustained by Candy and the treatment of these burns was excruciatingly painful for her. When the gasoline ignited, Candy ran toward the street and two neighbors caught her and extinguished the fire by throwing dirt on the flames.
Linda Mae Wyatt testified she accompanied Candy to Confederate’s emergency room where the doctors and nurses laid Candy on her stomach and pulled skin off her legs. Candy was screaming during this ordeal. Linda Mae stayed at Confederate with Candy during most of the time Candy was hospitalized. The child was given medicine, shots and baths every morning. It took several nurses to hold Candy down in the bathtub. Tweezers were used to pull the skin off the child’s legs. While in the bathtub, Candy’s legs would bleed and turn the water red. The nurses tried to get Candy to walk but she could not straighten her legs* When Candy was taken home she could get around but could only hop because her legs were bent. Her mother took her back to the hospital where the doctor cut the skin which pulled behind the right knee and after this treatment Candy was able to straighten her legs. At the time of the trial her legs itched and had to be treated with vaseline.
The child was badly scarred as a result of the accident. According to the trial judge’s observations, her right leg where she sustained third degree burns has scars extending all the way across the back portion of the thigh extending down generally over the entire leg including the area immediately behind the right knee. There is a scar across the posterior part of the calf of the right leg. On the inside of the right thigh extending down below the right knee there is a scar approximately eight to ten inches in length. The scar is rough in appearance and the skin is elevated into what appears to be scar tissue. On her left leg where she sustained second degree burns there are scars which extend from the upper part of the left thigh generally down to the anterior portion of the left thigh down to within three or four inches of the left knee on both lateral aspects. These scars vary in width from one-half inch to as much as one and one-half or two inches. Behind the left knee and a little from the top side of the knee there is at least one scar approximately one and one-half inches in length. From the photographs in evidence, it is apparent that Candy’s legs are badly scarred and will be permanently disfigured.
Two cases involving burn injuries similar to those in the case at bar are referred to as aids in determining the award.
In Liprie v. Michigan Millers Mutual Insurance Co., 143 So.2d 597 (La.App.3d Cir. 1962) a nine month old child was severely burned by hot water when the child was left unattended in a bathtub. The child sustained second and third degree burns on both feet and the lower part of both legs, both buttocks, the lateral portion of the *363 left thigh, the genitalia and the right thigh posterially. Between twenty and twenty-five per cent of the child’s body surface was covered with burns. He was rushed to the hospital where he remained seriously ill for forty-eight to seventy-two hours. He responded well to treatment and progressed well after the first seventy-two hours. Twenty-one days after the accident split thickness skin grafts were performed on the areas of the third degree burns. He was hospitalized for thirty-two days. As a result of the burns the child was scarred on both feet, the lower part of both legs and on his left thigh and buttocks. Large keloids formed which were thick, discolored, very noticeable and caused considerable itching. The treating physician found no residual disability. He recommended additional skin grafts be performed which would require two or three surgical procedures, each of which would hospitalize the child for one or two weeks. The jury awarded $32,500 for the child’s pain, suffering and disfigurement. The court of appeal reduced this award to $20,000.
In Allen v. Aetna Life & Casualty Insurance Company, 254 So.2d 69 (La.App.3d Cir. 1971) the court of appeal increased the award from $12,000 to $22,000 for pain and suffering sustained by a seven year old boy who was burned when gasoline which had spilled on him ignited. The young boy was hospitalized for twenty-six days for the treatment of second and possibly third degree burns. These burns covered over one-half of his legs from his hips downward. Approximately twenty per cent of his entire body was burned. While in the hospital the boy underwent skin graft operations. He suffered excruciating pain from these burns. The court took into consideration the psychological and emotional sufferings of the boy because of the permanent and disfiguring scars.
Candy sustained severe and permanently disfiguring burns and suffered excruciating pain. We award the sum of $23,000 for her pain, suffering and disfigurement.
Confederate’s bill for hospital services, which was introduced into evidence without objection, totaled $1,071. Plaintiff prayed for and is entitled to recover the amount due for these medical services.
Plaintiff’s petition itemized as a medical expense, $25 for services of Dr. Jacob Se-gura. There is no evidence in the record supporting this expense and it is denied.
Plaintiff prays for $1,000 for future medical expenses. There is no evidence in the record that future medical expenses will be incurred and, therefore, this claim is denied.
For the reasons assigned, it is ordered, adjudged and decreed that there be judgment in favor of Willie Leon Jones, as administrator of the estate of his minor child, Candy Jones, against Henry Robbins and George Robbins, in solido, in the sum of Twenty-three Thousand and no/100 ($23,000) Dollars, together with legal interest thereon from date of judicial demand until paid; and in favor of Willie Leon Jones against Henry Robbins and George Robbins, in solido, in the sum of One Thousand Seventy-one and no/100 ($1,071) Dollars, together with legal interest thereon from date of judicial demand until paid; and for all costs of this proceeding, including the costs of appeal.
Rendered.