## BEATON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
June 1, 1925.)

No. 4466.

1. Criminal law ⟨⟩1156(1) — Order denying motion for new trial is not reviewable in Circuit Court of Appeals.

Order denying motion for new trial is not reviewable in Circuit Court of Appeals.

2. Criminal law ⟨⟩901—Request for instructed verdict, made at close of government's case, is waived by defendant's failure to renew it after having testified in his own behalf.

Request for instructed verdict, made at close of government's case, is waived by defendant's failure to renew it after having testified in his own behalf.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; William H. Sawtelle, Judge.

Doward A. Beaton was convicted of unlawfully purchasing opium, and he brings error. Affirmed.

T. D. Page, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. [1] The plaintiff in error was convicted under a count of an indictment which charged him with unlawfully purchasing 40 grains of a preparation of opium. He brings the case before this court, relying upon the denial of his motion for a new trial, a ruling which is not reviewable here, and the refusal of the court below to direct a verdict of acquittal.

[2] The request for an instructed verdict was made at the close of the government's case, and was waived by the failure of the plaintiff in error to renew it after having testified in his own behalf. The assignments of error, therefore, bring nothing to the consideration of this court. We may add, however, that we have looked into the record, and find that there was substantial evidence upon which the jury's verdict was based.

The judgment is affirmed.

## UNITED STATES v. SINGER.

(Circuit Court of Appeals, Third Circuit.
June 18, 1925.)

No. 2965.

Habeas corpus ⟨⟩113(3)—Appeal from order discharging prisoner dismissed, as unauthorized.

Appeal from order of Circuit Judge, made prior to Act Feb. 13, 1925, discharging on habeas corpus a prisoner confined under sentence imposed in district court will be dismissed; no statute authorizing it.

Appeal from Order of Discharge on Habeas Corpus Proceeding by Woolley, Circuit Judge, in the District of New Jersey.

Habeas corpus by Samuel Singer against the United States. Petitioner was discharged, and the United States appeals. Appeal dismissed.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Walter H. Bacon, Jr., Asst. U. S. Atty., of Bridgeton, N. J.

James Mercer Davis, of Camden, N. J., for appellee.

Before BUFFINGTON, Circuit Judge, and THOMPSON and MORRIS, District Judges.

PER CURIAM. This is an appeal from an order made by a Circuit Judge discharging from custody one Samuel Singer, who had been convicted and sentenced in the District Court of New Jersey. The question involved in this case is whether, when the order appealed from was made, a United States Circuit Judge had power[1] and jurisdiction to grant a writ of habeas corpus and thereon to discharge a prisoner confined under sentence imposed in the District Court. He so did and the United States took this appeal. A motion is now made by the prisoner to dismiss the appeal, on the ground that no statute grants an appeal to this court from an order so made by a Circuit Judge. Neither the efforts of counsel nor our own have found such a statute.

The appeal is therefore dismissed, and, being without jurisdiction to consider the question involved in this appeal, we express no opinion upon it.

[1] Such power has since been expressly conferred by Act Feb. 13, 1925, § 6 (a) 43 Stat. 940, c. 229.