No. 871

First Circuit

VARNADO v. STATE ET AL.

(October 7, 1931. Opinion and Decree.)
(December 8, 1931. Rehearing Refused.)
(February 1, 1932. Writ of Certiorari and Review Refused by Supreme Court.)

Carter & Carter, of Franklinton, attorneys for plaintiff, appellee.

L. L. Morgan and A. S. Cain, Jr., of New Orleans, and D. M. Ellison, of Baton Rouge, attorneys for Louisiana Highway Commission, defendant, appellant.

ELLIOTT, J. Ronnie L. Varnado claims of the Louisiana Highway Commission the sum of $21,418 on account of personal injuries received by him as the result of an explosion of a lot of dynamite caps.

He alleges that the caps were placed in a box in his store used for holding waste paper, by the agents of an employee of Louisiana Highway Commission. That said agents and employees were at the time performing duties incidental to their service. That said caps were placed in his store without his knowledge or consent. That not being aware that the box contained dynamite caps, he emptied it on the ground in the back yard of his store and set fire to the paper; upon which the caps exploded, seriously injuring his arm and body and destroying his left eye.

He alleges great pain and suffering for many months; heavy expense on account of medical treatment, for hiring work done that he would have otherwise done himself, loss of time, and trips to get necessary treatment and permanent loss of his eye, all as a result of said explosion.

The suit was brought pursuant to authority and consent given by Act 25 of 1930 of the legislature of this state. A copy of the act is annexed to and made part of his petition.

The state and Louisiana Highway Commission excepted to the suit on the ground that plaintiff's petition disclosed no cause or right of action.

The plaintiff filed an amended petition alleging that the Louisiana Highway Commission was engaged at the time in building a highway in Washington parish, and that the act of which he complained had been done by its agents and employees in the performance of the work and duties of their employment. The court, assigning reasons in writing, overruled the exceptions.

An exception of vagueness, filed by defendant, not acted on by the lower court, we look on as having been abandoned.

Louisiana Highway Commission filed an answer. The answer admits that plaintiff was authorized by the legislature to institute the suit, but all the other averments in the petition are denied.

The trial resulted in a judgment in favor of the plaintiff for $5,658 with interest. Louisiana Highway Commission has appealed.

Louisiana Highway Commission urges, under its exceptions of no right or cause of action, that under the Constitution and laws of the state, it is an integral part of

the state government, and as such is as exempt as the state itself from liability to repair damage to a person for injuries caused by negligent acts and faults committed ex delicto by its agents and employees in the construction of highways for the state.

The Constitution, art. 3, sec. 35, provides:

"Whenever the Legislature shall authorize suit to be filed against the State, it shall provide a method of procedure and the effect of the judgments which may be rendered therein."

The Act 25 of 1930 provides:

"Be it enacted by the Legislature of Louisiana, That suit against the State of Louisiana through the Louisiana Highway Commission is hereby authorized to be filed by Ronnie L. Varnado, a citizen and resident of the Parish of Washington, State of Louisiana, upon his claim for damage resulting from accident and personal injury alleged to have occurred on May 24, 1929, by the negligence of persons in the employment of the Louisiana Highway Commission."

The Constitution of 1921, art. 6, sec. 19 et seq., provided for the creation of the Louisiana Highway Commission.

Act 95 of 1921 created the Louisiana Highway Commission, pursuant to the constitutional mandate, invested it with the power and duty to build, construct, repair, and maintain highways. Section 3 provides:

"The Commission shall be a body corporate and as such may sue and be sued, plead and be impleaded, in any Court of Justice."

This provision, that the commission "may be sued and impleaded in any court of justice," was considered in the case of Kilberg v. Louisiana Highway Commission, 8 La. App. 441. That suit was based on an alleged act ex delicto, on the part of the agents and employees of the Louisiana Highway Commission, in the work of constructing a highway. The state intervened in the suit and filed an exception of no cause of action. This court, affirming the judgment appealed from, held that the petition set forth no cause of action. We copy from the opinion as follows:

"The statute is silent as to the nature of the causes of action upon which the Commission may sue or be sued. The quoted clause in the Act must be read in connection with the fundamental constitutional principle that the State may only be sued with its permission * * *, and where a State agency is acting within the scope of its governmental functions, it represents the State and as such, it may not be sued except with the permission of the State.

"It is evident from other provisions in the Act that the clause subjecting the Commission to the liability to be sued does not confer upon a complainant a right of action whereby the Commission would be eventually deprived and dispossessed of the fund which is necessary for it to exercise its governmental functions and which is dedicated by the Constitution to that special purpose. To so hold would be to recognize that the usefulness of the Commission can be destroyed and the purpose of its existence frustrated through the fault and negligence of the persons appointed to superintend the work necessary to accomplish the legal ends of its existence,' etc.

These reasons are good; nothing has been said to the contrary.

But in the present case the legislature expressly consented that the state, through its subordinate, Louisiana Highway Commission, may be sued by Ronnie L. Varnado "upon his claim for damages resulting from personal injury alleged to have occurred on May 24, 1929, by the negligence of persons in the employment of Louisiana Highway Commission."

The power vested in the Legislature by the Constitution is not limited to any particular kind of rights or causes of action.

The legislature is vested with discretionary power that it may or may not exercise, as it is deemed best. The power is unlimited, except that none can be given to transcend the powers vested in the United States through the Constitution of the United States, which is the supreme law of the land.

The act does not confer on Varnado any more right than was conferred on Abraham Bass by Act 82 of 1878. See Bass v. State, 34 La. Ann. 494. We quote from that opinion, page 501, as follows:

"The consent to be sued does not at all imply an admission or a confession of liability. It is a mere act of grace which does not relieve the plaintiff from the obligation of making out his case, both in fact and in law. [State ex rel. Hart. v. Burke] 33 La. Ann. 498. By permitting herself to be sued in this case, the State merely consented to submit to a court of justice the question of her liability under the facts and propositions presented by both the plaintiff and herself."

The authorities cited by defendant are applicable to a situation like that which existed in the Kilberg case; but not where the legislature has specifically provided for a suit, as in the present case.

In this case the legislature, exercising the authority and discretion vested in it by the Constitution, placed its subordinate, Louisiana Highway Commission, in the position of a "man" in Civil Code, art. 2315, and of a "person" in articles 2316 and 2317, and invited Varnado to show, if he can, that his cause is just and well founded, and, if so, then the amount to which he is entitled on said account.

The exception of no right or cause of action was properly overruled.

The evidence shows that an agent and employee of the Louisiana Highway Commission, while performing work for the commission in building and constructing a public highway in Washington parish on or about May 21, 1929, was instructed by his superior, at the conclusion of the day's work, to place some dynamite caps in Varnado's store for the night. The caps were being used by the commission for the purpose of blasting up gravel, used in constructing the highway. The intention was to get them next morning. The employee, pursuant to his instructions, placed the caps in plaintiff's store, putting them in a box used for holding waste paper. He informed a party in the store, who he supposed was the proprietor, of what he had done, but the party so informed was in fact in no way connected with the store and had no authority to either refuse or consent to what was done. The party so informed did not make known what had been done to Varnado, and the employees of the highway commission did not inform him of what had been done. The caps were left in the box, and Varnado, not knowing that they were, or had ever been placed in it, took the box out in the back yard of his store on May 24, 1929, emptied the contents on the ground, without noticing the caps, and set fire to the paper, upon which the caps exploded with great force and violence; Varnado's arms, breast, and face being injured and his left eye destroyed by the pieces of flying metal.

The legislature, having for the purpose of the suit placed the Louisiana Highway Commission in the situation of a "man" in Civil Code, art. 2315, and of a "person" in articles 2316 and 2317, it must be looked

on as responsible, just as a man, person, or corporation would be for the faults, negligence and imprudent acts of its employees, while engaged in the service and doing the work that their service requires. We therefore find that Louisiana Highway Commission is liable for the damages resulting from the act of its employee in placing these dynamite caps, things known to be dangerously explosive, in plaintiff's store and leaving them there, without his knowledge. What happened might have been looked forward to.

We therefore find that the commission is justly liable to Varnado on account of the injuries and damages sustained by him in the way stated.

The claim of the plaintiff on account of his expenses for trips to New Orleans to obtain treatment for his eye, loss of time, expense he was put to in the conduct of his business on said account, pain, and suffering is supported by his own testimony. He did not keep a detailed account, but his testimony seems reasonable and there are corroborating facts and circumstances. It was believed by the lower court, and we find no reason for differing with him. More than a year elapsed after the injury before the metal was removed from his eye, at which time the sight had been completely and finally destroyed. The lower court allowed him, on account of his pain and suffering, expense, loss of time, and expense in order to carry on his business, and for the loss of his eye, a total of $5,658 with legal interest thereon from judicial demand until paid.

The judgment appealed from is in our opinion correct.

Judgment affirmed. Defendant and appellant to pay the costs in both courts.