## PRINGLE v. UNITED STATES.

### No. 10154.

Circuit Court of Appeals, Fifth Circuit.

May 29, 1942.

Rehearing Denied July 15, 1942.

Robert Lee Pringle, in pro. per., of Alcatraz, Cal., for appellant.

Brian S. Odem, Asst. U. S. Atty., of Houston, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Following a practice sustained by Holiday v. Johnston, 313 U.S. 342, 550, 61 S. Ct. 1015, 85 L.Ed. 1392, Meyers v. United States, 5 Cir., 116 F.2d 601, and Miller v. United States, 5 Cir., 128 F.2d 519, R. L. Pringle, a prisoner at Alcatraz Penitentiary, petitioned the court that sentenced him to correct the sentence for illegality appearing on its face. His petition was heard and overruled, and he appeals.

He was convicted in 1935 on six counts. Two counts based on 18 U.S.C.A. § 320 were for robbing two mail carriers of stated mail matter. On these he was given a term of ten years, conceded to be legal. On the four other counts he was given a term of five years to begin at the end of the other term. This he contends was a second sentencing for the same offense, except as to the sixth count for conspiracy, on which he concedes there could be a separate sentence, but only for two years. The contested question is whether the offenses charged in the remaining counts are included in those for robbery. One of the contested counts charges that he and the same mail carrier alleged in another count to have been robbed of it, embezzled the same mail matter. Both counts can not be true, and the second term ought not to rest on this count. So the two counts alleging a taking of the same mail matter from the same carriers alleged in the other counts to have been robbed of it ought not to support a second sentence, because robbery involves a taking. But the remaining count alleges that the defendant knowingly and fraudulently received, concealed and retained in his possession the mail matter, with intent to convert it to his

own use, it being property of the United States, contrary to 18 U.S.C.A. § 101. We think this is a different offense from the robbery, and could have occurred afterwards, and is not necessarily included in the robbery and punished in punishing it. This count is sufficient, with that for conspiracy, to sustain the additional term of five years.

Judgment affirmed.