At its regular session for the year 1944 the Legislature enacted into law Act No. 341 in which it was provided "that suit against the State of Louisiana through the Department of Highways is hereby authorized to be filed by W. Edmond Crain, a citizen and a resident of the Parish of Washington, State of Louisiana, upon his claim for damage resulting from accident and personal injury alleged to have occurred on the 27th day of July, 1931, by the negligence of persons in the employment of the Louisiana Highway Commission." § 1. The legislative act then fixed the forum of such suit, if instituted, as either the District Court at the State Capital or the Twenty-second Judicial District Court of Louisiana, in and for the Parish of Washington, where the accident, injury and the damage is alleged to have occurred. It then further provided: "That the defendant in the suit herein authorized shall not be entitled to file a plea of prescription barring said claim; provided, any suit entered upon authority herein granted shall be filed not later than the 1st day of October 1944." § 4.
On September 6, 1944, the plaintiff, W. Edmond Crain, who was the party authorized in the said act, instituted suit in the Twenty-second Judicial District Court of Louisiana, in and for the Parish of Washington, seeking to recover from the State of Louisiana, through the Department of Highways, damage in the sum of $18,810 for an injury to his left eye alleged to have been sustained by him on July 27, 1931, the date on which the accident is said to have occurred in the said act.
In that paragraph of his petition in which his cause of action is set out, plaintiff alleged: "That on July 27, 1931, he was working on the highway in the Seventh Ward of Washington Parish, and while loading gravel at what is known as the Haley-Crain Gravel Pit, he was negligently hit with a shovel, in or over the left eye, by defendant's employee, in the scope of his employment, at the time he was rendered unconscious and was carried to his home by parties employed at the pit; * * *"
After service the State of Louisiana and the Department of Highways of the State of Louisiana, the State appearing through the said Department of Highways, came into court and through duly authorized attorneys, filed an exception of vagueness to the plaintiff's petition. The exception was based on two grounds: (1) That the petition failed to state the name and surname of the employee who is alleged to have negligently struck the plaintiff, and (2) that the petition failed to disclose for whom plaintiff himself was working at the time he was injured. Without the necessity of having the court pass upon the exception, plaintiff filed a supplemental petition in which he gave the name of the employee who he alleged had caused his injury and also alleged that he himself was employed at the time by the Louisiana Highway Commission.
After this supplemental petition was filed, the defendant filed an exception of no cause or right of action which is grounded on two propositions: (1) That plaintiff's cause of action, if he has any, having arisen out of an accident which occurred at a time when he was employed by the Louisiana Highway Commission, and whilst he was engaged in the scope of that employment, was one exclusively under the Workmen's Compensation Statute of Louisiana, Act No. 20 of 1914 and its amendments, and (2) that if he had a cause of action in tort, under the allegations of his petition, the defendant cannot be held liable under the fellow-servant rule.
The matter was argued and submitted to the lower court on the exception and after due consideration the district judge wrote an opinion for the record in which he sustained the exception of no cause of action holding that plaintiff's remedy, if he had any, was exclusively one under the Employers' Liability Act, but even were that not so, under the allegations contained in the petition the defendant would be relieved from liability under the fellow-servant doctrine. From a judgment sustaining the exception and dismissing his suit, plaintiff has taken this appeal.
[1, 2] There can hardly be any doubt but that ordinarily, under the facts as they are presented in his petitions, plaintiff would be relegated to a suit for compensation under the Employers' Liability Law, Act 20 of 1914, as it is specifically provided by that law, under Sec. 34, that the remedy for an injury caused by accident to an employee while within the course and scope of his employment, is exclusively one under its provisions. The fact that this plaintiff was employed by a Department of the State, did not affect his status as an employee under that Act, as under *Page 338 
Subsec. 1 of Sec. 1 all employees of the State, except State officials, come within its terms and as to them the act is compulsory, exclusive and obligatory the same as to any other employee. It is true that under the recent decision in the case of Martin v. State of Louisiana, 205 La. 1052, 18 So.2d 613, he could not have instituted a suit for compensation against the State itself, under the general provisions of the Act, but most probably he could have maintained a cause of action for compensation against his immediate employer, the Louisiana Highway Commission, now known as the Department of Highways. We think it is important to observe that under the decision referred to, if he had wanted to sue the State itself for compensation, it would have been necessary for him to obtain the same legislative authority he had to obtain in order to file the present suit for damages under the general tort law of the State. In view of this it would seem that the power and authority of the Legislature in granting the authority to sue was supreme. In other words it could as readily have authorized him to sue the State for compensation as to sue it for damages arising out of tort, and if in its wisdom it chose to give him the authority to sue for damages instead, that is a matter of legislative policy with which the courts are not concerned.
[3, 4] The Legislature is the law making body of the State, vested with the power and authority to enact any law it sees fit so long as it does not enact one which is in contravention of any of the provisions of the Constitution of the United States or of the Constitution of the State of Louisiana. By virtue of its authority under Art. 3, Sec. 35 of the Constitution of 1921, the State may waive its immunity against suit whenever it chooses to do so. All that is required is that it shall enact a law as it did in this case and that in that law it shall provide a method of procedure and the effect of the judgment which may be rendered thereunder. There is no question that in this instance the act complied with all the requirements of these provisions.
In the case of Varnado v. State, 18 La. App. 624, 136 So. 771, 773, in considering a statute similar to the one we are here concerned with, it was stated that: "The power vested in the Legislature * * * is not limited to any particular kind of rights or causes of action. The Legislature is vested with discretionary power that it may or may not exercise, as it is deemed best. The power is unlimited, except that none can be given to transcend the powers vested in the United States through the Constitution of the United States, which is the Supreme Law of the land." The only criticism that can be made of that statement is that it does not go far enough in its exception for, as we have already pointed out, we do not think that the Legislature in enacting such a statute could transcend the Constitution of the State any more than it could transcend the Constitution of the United States.
Assuming now that the Legislature is vested with such unlimited power, what is there to prevent it from investing this plaintiff with authority and permission to sue the State in an action in tort, even though there is an existing law which provides that on the facts as disclosed, he has another form of remedy which is exclusive?
[5] As we have just stated, under our system of government the Legislature is the law-making body and if the familiar maxim that everyone is presumed to know the law applies to anybody, it certainly must apply with great force to those who are charged with the duty of making the laws.
[6, 7] When they enacted Act 341 of 1944, the law-makers therefore were presumed to know that there is a Workmen's Compensation Law in this State and that it provided an exclusive remedy to an employee who is injured in an accident arising out of the scope and in the course of his employment. It is presumed also that it had knowledge of all of the facts in the plaintiff's case and if, notwithstanding such knowledge, it enacted this law which granted him the authority to sue the State in an action "upon his claim for damage resulting * * * in the employment of the Louisiana Highway Commission," and its authority in that respect was not limited to any particular kind or cause of action, as was held in the Varnado case, supra, then this plaintiff's right to present his claim in tort before the court, as he is trying to do, should be maintained.
We observe that in most of the recent statutes authorizing parties to institute suits against the State for damages, the accident which gave rise to the cause of action, like the one in this case, occurred several years prior to the enactment of the statute, and invariably in all of these statutes *Page 339 
there is a provision to the effect that the State is barred from filing a plea of prescription. We make this point to stress the power and the authority of the Legislature in enacting such statutes and if, as is not disputed, it has the right to change or suspend the law relative to prescription, it would seem to us that it would also have the right to change the nature of his remedy from one form of action to another.
[8, 9] We concede, as urged by counsel for the State, that these statutes granting the right to sue the State do no more than remove the bar which stands between the individual and the State in matters of suing the State, and all that the individual obtains under such a law is the same right that he would have to sue an ordinary or fictitious person, subject to all rights of defense in law or in fact which may be urged against him. In the case of Bass v. State, 34 La. Ann. 494, the court referred to such statutes as "mere act[s] of grace which [do] not relieve the plaintiff from the obligation of making out his case, both in fact and in law." The duty of supporting his cause of action in law, however, relates, in our opinion, to some point of law that may be involved in the defense of the cause of action which he has asserted and not to the nature of his cause of action which has definitely been fixed by the statute which granted him the right to institute suit. In this very case for instance, assuming that a plea based on the fellow-servant doctrine can be supported, that would be a defense in law which might well be applied and have the effect of dismissing the plaintiff's suit. Or let us suppose that the State has, in its investigation of the accident, found certain facts on which it can base a plea of contributory negligence, certainly it could urge such a plea and that would be another defense in law on which it might successfully defend the suit. These, however, are issues of law which would have nothing to do with the nature of the statute which plainly defined plaintiff's cause of action and which, in our opinion, can only be attacked directly on some constitutional ground.
On this phase of the exception therefore we find ourselves unable to agree with the learned trial judge and we proceed now to consider the second proposition on which he held it could be sustained, that is, on application of the fellow-servant doctrine.
[10] Taking the allegations of the plaintiff in both his original and supplemental petitions, all that he has stated is, in effect, that on a certain day, when he was employed by the Louisiana Highway Commission in loading gravel, he was negligently hit with a shovel by Ben Kennedy, also an employee of the said Commission, and as a result thereof sustained the injury which he complains of. Certainly there isn't enough found in those allegations on which to base even the assumption that these two men were fellow-servants within the meaning of that term. In fact, our investigation discloses that there is no stereotyped definition of the term which suits all cases. In American Jurisprudence, Vol. 35, p. 801, at Sec. 376, it is stated: "The question as to who are fellow servants has frequently been disputed. Although the definition of the term 'fellow servant' is a matter of law, it is usually held to be a question of fact, to be determined from the evidence, whether particular employees are shown to have been fellow servants within the meaning of the definition. Where the facts are undisputed, however, the question becomes one of law." In our own jurisprudence, every case we have been able to find in which the doctrine was invoked, was disposed of on the merits after all the facts had been adduced before the court. In the case of Smith v. Rock Island, A. L. Railroad Co.,119 La. 537, 44 So. 290, there is a syllabus which reads as follows: "The fact that one employé receives injuries by reason of the act of a fellow workman does not necessarily relieve the employer from legal responsibility for the accident."
We do not wish to be understood as holding that there may not be a case in which a plaintiff may allege a state of facts giving rise to a plea based on the fellow servant doctrine which would be fatal to his cause of action, the same as sometimes happens with regard to contributory negligence. In this case, however, plaintiff has made no such allegations and his suit should not be dismissed on that ground.
For the reasons stated it is ordered that the judgment appealed from which sustained the exception of no cause or right of action and dismissed plaintiff's suit be, and the same is hereby, reversed, set aside and annulled, and it is further ordered that the case be remanded to the district court for further proceedings, according to law.