This is a suit filed by the plaintiff against the State of Louisiana, as per the authorization granted through Act No. 341 of the regular session of the Legislature for the year 1944. It is alleged that on July 27, 1931, the plaintiff sustained severe personal injuries while in the course and scope of his employment as a truck driver for the Louisiana Highway Commission. It is alleged that these injuries resulted from the gross negligence of a laborer named Ben Kennedy, who was also employed at the time by the Louisiana Highway Commission and who was in the act of loading gravel, together with plaintiff and other employees of the Highway. The act of negligence charged by plaintiff against Ben Kennedy is that in wielding a shovel while loading the gravel, he negligently struck plaintiff with the shovel.
Plaintiff's petition was originally met with an exception of no cause or right of action based on two propositions: 1. That if plaintiff had any cause of action at all, his remedy was under the Workmen's Compensation Law, Act No. 20 of 1914, and 2, that if he had a cause of action in tort, under the allegations of his petition, the defendant cannot be held liable under the fellow servant rule. The lower court sustained the exception, and on the appeal to this court reported in Crain v. State, La. App., 23 So.2d 336, the judgment on the exception was reversed and the case was remanded to the lower court for trial.
After the remand and trial of the case the lower court came to the conclusion that an accident did occur on July 27, 1931, as alleged, but he dismissed plaintiff's suit because, as stated by him: "Under the proof submitted herein by the plaintiff and his witnesses, I seriously doubt that the plaintiff has established negligence on the part of Ben Kennedy in striking him with a shovel for the reason that the evidence shows that the workmen were crowded around the truck and just as Ben Kennedy started to throw the shovel full of gravel onto the truck the plaintiff, who was at the side of Kennedy, leaned over to shovel gravel himself and it was at this time that the shovel in the hands of Ben Kennedy struck the plaintiff over his left eye. I seriously doubt that these facts prove that Ben Kennedy was guilty of negligence in the premises. However, I am going to pretermit any further discussion of the negligence of either Kennedy or this plaintiff for the reason that I consider that this plaintiff was a fellow servant of the said Ben Kennedy at the time of the happening of the accident."
On appeal the plaintiff contends vigorously that the fellow servant doctrine does not apply to this case and further contends that the trial court erred in not passing upon the question of negligence of Ben Kennedy, nor upon the question of negligence of D.F. Bunch, who was the foreman of the crew or unit engaged in loading and hauling gravel for the Louisiana Highway Commission at the time the accident occurred.
The facts as revealed by the record are that on July 27, 1931, the plaintiff Crain was employed by the Louisiana Highway Commission as a truck driver; that D.F. Bunch was a foreman; and that Ben Kennedy and several others were engaged as laborers for the purpose of loading and hauling gravel. The records of the Highway Commission show that plaintiff Crain was listed as a laborer, but evidence shows that in reality he was employed as a truck driver. In any event, it is shown that at the time of the accident the foreman Bunch ordered the laborers and the plaintiff to load gravel on plaintiff's truck, and it appears that plaintiff had a shovel for that purpose, the same as the other employess, although it is strenuously contended that his duties did not include the loading of gravel. The evidence shows that as they started loading the gravel, the foreman, Bunch, told them to "gang up," and that as plaintiff leaned over to pick up gravel with his shovel, the shovel wielded by Ben Kennedy, at its upward sway, struck him on the face. *Page 408 
On these facts plaintiff contends that Ben Kennedy was grossly negligent because he knew, or should have known that someone was in close proximity to him, and that without extreme care could be struck by a shovel, as occurred herein.
[1] Plaintiff further contends that the foreman, Bunch, was negligent in ordering him and the laborers to "gang up" for the purpose of loading the gravel, since obviously such close contact with shovels created a hazard amounting to negligence. The trial judge did not consider the claim of negligence on the part of Bunch for the reason that no allegation to that effect is contained in the petition. Counsel for plaintiff contends, however, that the petition was enlarged by the evidence with reference to Bunch, and on that phase of the case counsel for defendant contends that a timely objection was made at the outset which prevents this testimony from enlarging the pleadings. It appears, however, that the objection of defendant on which it relies was aimed at the evidence in general on the proposition that the accident did not occur on July 27, 1931, as definitely alleged in the petition and in the authorization by Act No. 341 of 1944. The trial court correctly found from the evidence that the date of the accident was July 27, 1931, and consequently the defense objection becomes immaterial and does not apply to the evidence with reference to Bunch.
[2] Nevertheless we fail to see wherein there is any showing of negligence on the part of Bunch by the mere testimony that he ordered the workers to "gang up", which, in effect, amounts to the same as telling them to load the truck. There is no showing whatsoever that he forced them to work too close to one another or to wield their shovels in too rapid and careless a manner so as to cause an accident of the nature involved herein.
[3] With reference to the negligence of Ben Kennedy, there is no showing whatsoever that he was a careless employee or that he in any manner wielded his shovel, except for the task at hand, and that as a matter of fact it appears to us that if anyone at all was negligent in the performance of the work, it was plaintiff himself in apparently stepping in without observing the movements of Ben Kennedy.
It seems rather obvious to us that plaintiff has failed to sustain the burden of proving negligence on the part of either Kennedy or Bunch, and having so failed the other issues in the case, including the issue as to whether or not the fellow servant doctrine applies as held by the trial court, become immaterial. In other words, it is our conclusion that, plaintiff having failed to prove the negligence on which he bases his action, the case must necessarily be dismissed at his costs. We therefore affirm the judgment.