Wilbur **HORNE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 16442.

United States Court of Appeals
Fifth Circuit.

June 10, 1957.

————◆————

John B. Harris, Jr., Macon, Ga., for appellant.

William C. Calhoun, U. S. Atty., William T. Morton, Asst. U. S. Atty., Augusta, Ga., for appellee.

Before BORAH, RIVES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

Appellant was convicted on two counts of an indictment, charging him with violating Section 2113(a)[1] and Section 2113(c)[2] of Title 18 of the United States

---

1. "§ 2113. *Bank robbery and incidental crimes*

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

"Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to com-

mit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both." 18 U.S.C.A.

2. "(c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, or a savings and loan association, in violation of subsec-

Code. He was sentenced to imprisonment for fifteen years for the violation of Section 2113(a) and ten years for the violation of Section 2113(c), to be served consecutively. Upon this appeal he insists that the district court erred in three particulars: 1, in admitting in evidence against him two written confessions; 2, in sustaining objection to certain testimony sought to be elicited from a Lieutenant of the Georgia State Patrol; 3, in not according him the kind of fair and impartial trial to which he was entitled.

The Bank of Dudley, Laurens County, Georgia, was robbed at about 3:35 P.M. on February 23, 1955. According to R. L. Hogan, the President of the Bank, the lone robber took from him at the point of a pistol a total of $2,572.00, of which $1,962.00 was recovered within a couple of days. The other $610.00 has not been found.

In the bank at the time of the robbery, in addition to Mr. Hogan, there were two women employees, Miss Leontile Baggett and Mrs. Frances J. Rinehardt. Each of them testified that the robber came into the bank twice, inquiring on his first visit whether the bank cashed personal checks; that each had a good look at him, and Mrs. Rinehardt had observed that before entering the bank he got out of a 1949 or 1950 Buick automobile of a light gray or "greenish" color.

Either from the description of the robber or of the car, the Sheriff of the County, Carlous Gay, testified that he immediately suspected the appellant, who had become addicted to the use of narcotics in the treatment of an injured eye. By shortly after 7:00 o'clock on the evening of the robbery, the appellant had been arrested and brought to the bank for identification. Mr. Hogan, Miss Baggett and Mrs. Rinehardt were all positive in their identification of him as the man who had robbed the bank.

Mr. Gay, the Sheriff, testified that later on that same night the appellant confessed to him that he had robbed the bank; that he used no force or threats and offered him no hope of reward; that he did not reduce the confession to writing until late the next morning, some time before noon; that meanwhile the appellant had not been carried before a magistrate to have a commitment hearing. To the introduction of the written and signed confession, the appellant objected on the sole ground that "A confession cannot be used against a man unless it is obtained after he has been carried before a committing magistrate," which objection was overruled by the court. Mr. Gay further testified that, the second night after the robbery, appellant carried him to where his shirt, glasses and cap had been thrown out of the car, and showed him where the gun and $1,962.00 of the money "was buried side of a stump in Dodge County on Stewart Rogers' farm."

James H. Applegate, Special Agent for the Federal Bureau of Investigation, testified that on the day after the robbery he went to the jail, got the Sheriff's permission and talked to the appellant; that he made no threats or promises; that the appellant appeared normal, talked freely and willingly, and gave him a signed confession almost verbatim the same as that given the Sheriff. Appellant's counsel stated, "I offer the same objection to that," which objection was overruled by the court.

A third instrument in the nature of a confession over the appellant's signature addressed "To the People of Laurens County" had been published in the Dublin, Georgia, newspaper. It was written at the suggestion of a lawyer who had represented the appellant upon his prosecution in the Georgia State Court. The appellant had admitted that the signature was his but denied having read the paper.

C. E. Tripp, operator of the "Trading Post" of Dublin, Georgia, testified that on the day of the robbery he had sold the appellant a 38 caliber revolver for thirty some odd dollars, of which ten dollars was in cash. The appellant had

tion (b) of this section shall be subject to the punishment provided by said sub-

section (b) for the taker." 18 U.S.C.A. § 2113(c).

signed a typed request to the Sheriff dated June 13, 1955, reading, "Mr. Carlos Gay, please let C. E. Tripp have the 38 Postol (sic) which you have of mine. Thanks."

O. D. Cullens, a merchant, and Harvey Hobbs, a clerk in his store, testified to the sale to the appellant on the day of the robbery of five or six "38 special" cartridges.

Rufus G. Hester testified that, about a week before the bank was robbed, he had a drink or two with appellant, and appellant said more or less as a joke that "there was a bank that he knew that we could rob right close by, but he didn't say which bank." Two witnesses for appellant testified by way of impeachment that Hester had a bad character and that they would not believe him on oath.

B. P. McKinnon, a Lieutenant of the Georgia State Patrol, testified on behalf of appellant that about 30 minutes after he heard the broadcast about the robbery, or at about 4:15 P.M. or possibly 5:00 P.M., he stopped appellant in his car at a point 30 or 40 miles from the bank because the car resembled the description broadcast; that appellant cooperated with him in searching the car; that nothing was found; that after searching the car thoroughly he called the radio station at the State Patrol Headquarters and talked to the License Examiner, P. M. Walker; that he recognized Walker's voice; he was asked to relate his conversation with Mr. Walker. The court sustained the Government's objection to this conversation as hearsay. Mr. McKinnon further testified that following the conversation he released the appellant.

The appellant testified as a witness in his own behalf denying his guilt, stating that the Sheriff had kept him out all night without medication for his injured eye; that he was in pain and in serious condition; and I didn't sign any confession that I remember." He testified that the Sheriff later furnished him whiskey and drugs. He denied buying the pistol or any cartridges and denied having any conversation with Hester.

He denied that he had shown the Sheriff where the money and pistol were hid and testified, instead, that the Sheriff had carried him to where they were, and had handed him a pistol and tempted him to shoot it. "I figured that he wanted to shoot me because he was so dirty." The foregoing was substantially all of the evidence.

 There was no error in admitting either of the confessions against appellant. The objection upon the ground that each confession was obtained before appellant was carried before a committing magistrate was not well taken for several reasons. According to the Sheriff, appellant had orally confessed within a few hours after his arrest. There was credible testimony that appellant was not mistreated and that the confessions were reduced to writing before noon of the next day. Further, we have held that the McNabb Rule does not apply when an accused is detained by state officers. Brown v. United States, 5 Cir., 228 F.2d 286. If we consider the objection as properly insisting that the confessions were not voluntary, there was ample evidence to authorize their admission, and the court thereafter properly charged the jury that it should consider the evidence tending to show that the confessions were not voluntary in passing on their credibility. Schaffer v. United States, 5 Cir., 221 F.2d 17, 21; Brown v. United States, supra, 228 F.2d at p. 289.

 The testimony sought to be elicited from Lieutenant McKinnon of the Georgia State Patrol as to his conversation with License Examiner Walker was obviously hearsay. Further, there is no showing by a bill of exceptions or otherwise as to what that testimony would have been or that its exclusion was prejudicial.

We have carefully read and examined the entire record and we are satisfied that the appellant was accorded a fair and impartial trial.

 The appellant has not raised the question of whether he could properly be

convicted and sentenced both for violating Section 2113(a) of Title 18, United States Code, robbing the bank, and for violating Section 2113(c) of the same title, disposing of or concealing the stolen money. Nevertheless, to avoid the possibility of a plain error,[3] we have examined that question. In our opinion, it is clearly not ruled by the late case of Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, and the appellant could properly be convicted and sentenced for both offenses. Heflin v. United States, 5 Cir., 223 F.2d 371, 376; Cartwright v. United States, 5 Cir., 146 F.2d 133, 135; Aaronson v. United States, 4 Cir., 175 F.2d 41, 42; 76 C.J.S. Receiving Stolen Goods § 14 b; 22 C.J.S. Criminal Law § 9; Cf. Pringle v. United States, 5 Cir., 128 F.2d 736.

Finding no reversible error in the record, the judgment is

Affirmed.

---

3. Rule 52(b), Federal Rules of Criminal Procedure, 18 U.S.C.A.