**Lurton Lewis HEFLIN, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16901.**

United States Court of Appeals
Fifth Circuit.

Jan. 24, 1958.

Lurton L. Heflin, Jr., Alcatraz, Cal., for appellant.

W. L. Longshore, U. S. Atty., Birmingham, Ala., William G. West, Jr., Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and HANNAY, District Judge.

PER CURIAM.

This appeal from an order denying appellant relief in a Section 2255, 28 U.S. C.A. motion asks us to reverse the judgment we heretofore entered when the case was before us on direct appeal from appellant's conviction. Appellant was convicted on three counts of a bank robbery indictment, including counts based on a violation of 18 U.S.C.A. § 2113(d) and 18 U.S.C.A. § 2113(c). Subsection (d) is the section making criminal the act of taking or attempting to take from the person or presence of another money belonging to a bank, during the commission of which attempt or taking another is assaulted or put in jeopardy by the use of a dangerous weapon. Subsection (c) is the provision that outlaws the receipt, possession, concealment or disposition of money "knowing the same to have been taken from a bank * * *."

■■ Upon his original appeal from his conviction we held that *"receiving stolen money and conspiracy are offenses separate from bank robbery, and consist of distinctly different elements."* Heflin v. United States, 5 Cir., 223 F.2d 371, 376. We thus expressly held that Heflin was not entitled to the relief he here seeks. In the absence of a claim that such prior judgment of this court was in some way brought about under circumstances that would deprive the court of the power to act, we cannot now review or reconsider that judgment. It is not inappropriate, however, to say that we think it perfectly clear that the offenses set out in Sections (c) and (d) are distinct crimes and neither is merged into the other. This court has reaffirmed this view in Horne v. United States, 5 Cir., 246 F.2d 83. Nothing in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, holds to the contrary.

The judgment is Affirmed.