**Elijah J. WILLIAMS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16994.**

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1958.

W. R. Jackson, Jr., Leesville, La., for appellant.

Howard E. Shapiro, Morton Hollander, Dept. of Justice, Washington, D. C., Lester S. Jayson, Chief, Torts Sec., Dept. of Justice, Washington, D. C., Joseph D. Guilfoyle, Acting Asst. Atty. Gen., T. Fitzhugh Wilson, U. S. Atty., Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a judgment of the United States District Court for the

Western District of Louisiana denying recovery in an action brought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. The suit was filed on behalf of a nine-year-old boy by his father for damages resulting from injuries to the boy's hand sustained when a practice mine fuse which he had found on a road near his home discharged while he was holding it.

After a trial, in which it was established that the United States was the owner of the fuse and that it was found near the Camp Polk, Louisiana area, where maneuvers, in which such fuses were used, had been conducted, the district court found, and gave judgment, for defendant because (1) "The Federal Tort Claims Act is to be strictly construed", and (2) "Plaintiff has not been able to show that the fuse was placed, dropped, or lost on the road by some particular agent or employee of defendant, acting within the scope of his authority".

Appealing from the judgment, plaintiff is here insisting: that, under the controlling law of the cases,[1] the district judge, in his findings and conclusions, "misapprehended the effect of the evidence" so that they do "not reflect or represent the truth and right of the case.", Sanders v. Leech, 5 Cir., 158 F.2d 486, at page 487, and the "court on the entire evidence is left with the definite and firm conviction that a mistake has been committed", United States v. United States Gypsum Co., 333 U.S. 364, at page 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, and that the judgment must be reversed.

We agree that this is so. Section 2674, Title 28, Liability of the United States, provides:

"The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances. * * * ".

If the suit had been against a private individual, responsible for bringing into and handling such fuses in that community under like circumstances, it would certainly not be correct to say that plaintiff's claims must be strictly scrutinized and that it was necessary to point to any particular negligence of any particular individual. It would have been sufficient to show negligent acts of omission or commission on the part of the defendant which proximately caused the injury.[2] The same rule applies with equal force here.

This is not to say, as appellant insists we should, that on the evidence in this case a finding and judgment for plaintiff were demanded, and we should, therefore, reverse and render judgment here. It is to say, though, that the evidence would support a finding, that plaintiff had made out a prima facie case of negligence and that defendant had not borne its burden of accounting, consistent with due care, for the presence of the fuse on the road.

The judgment is therefore reversed and the cause is remanded for further and not inconsistent proceedings, including an opportunity, to reexamine and find, or retry and find the facts in the light of correct legal principles.

Reversed and remanded.

---

1. United States v. Alexander, 5 Cir., 238 F.2d 314; United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523.

2. Pure Oil Co. v. Geotechnical Corp. of Delaware, D.C., 94 F.Supp. 866, affirmed 5 Cir., 196 F.2d 199, certiorari denied 344 U.S. 874, 73 S.Ct. 165, 97 L.Ed. 676; Hunt v. Rundle, 10 La.App. 604, 120 So. 696; LeBleu v. Shell Petroleum Corp., La.App., 161 So. 214; Norton v. Louisiana Ice & Utilities, 18 La.App. 564, 135 So. 717; Varnado v. State, 18 La. App. 624, 136 So. 771.