**UNITED STATES of America,
Appellant,**

v.

**Ellis Raymond WILLIAMSON, Appellee.**

**No. 16808.**

United States Court of Appeals
Fifth Circuit.

April 18, 1958.

Rehearing Denied June 17, 1958.

James L. Guilmartin, U. S. Atty., E. Coleman Madsen, Asst. U. S. Atty., Miami, Fla., for appellant.

John W. Muskoff, Jacksonville, Fla., for appellee.

Before CAMERON, JONES and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

Williamson was indicted May 7, 1953 at Miami, Florida, on seven counts charging violation of 18 U.S.C.A. § 2113, the Bank Robbery Act. On January 14, 1954, after three days of trial and upon withdrawal of his plea of not guilty, the Court, upon motion of the United States, dismissed [1] Counts 1, 3, 4 and 7 and accepted his plea of guilty on Counts 2, 5 and 6. In these Counts [2] he was charged with (a) entry of the bank with the intent to commit a felony and (b) the actual completed larceny of property of the bank. On these pleas, the Court sentenced Williamson to twenty years on Count 2 and eight years on each of Counts 5 and 6. The eight-year sentences were to run concurrently but were adjudged not to commence until the completion of the twenty-year sentence on Count 2. The terms of the consecutive sentences therefore aggregated twenty-eight years.

On May 7, 1957, under 28 U.S.C.A. § 2255 and in reliance upon Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, Williamson filed a motion to vacate the sentence imposed January 14, 1954. After a hearing upon this motion in which Williamson was represented by the distinguished and able court-appointed counsel who appears here as well, the District Court concluded orally that the motion was well taken and that the impact of Prince v. United States, supra, required the vacating of the sentence on Count 2. This left only the concurrent sentences under Counts 5 and 6 for the consummated larcencies. The result was that instead of sentences aggregating twenty-eight years, Williamson now stood sentenced for eight years only from and after January 14, 1954,

---

1. Count 1 charged entry of the First Bank of Clewiston, Clewiston, Florida, on April 7, 1953, with the intent to commit a felony affecting the bank. 18 U.S.C.A. § 2113(a).

   Count 3 charged the taking of five particularly described $1000 United States bonds; Count 4, the taking of twelve described $100 United States Currency notes; Count 7, the taking of various undescribed documents such as mortgages, wills, corporate stock certificates, of a value greater than $100. 18 U.S. C.A. § 2113(b).

2. Count 2 charged entry of the bank with the intent to commit a felony, i. e., larceny. 18 U.S.C.A. § 2113(a). The maximum sentence for this is twenty years.

   Counts 5 and 6 charged the taking away with the intent to purloin or steal $28,194 in currency and $204,775 in United States bonds, respectively. The maximum sentence for this is ten years. 18 U.S.C.A. § 2113(b).

the effective date of the original sentence. The United States now brings this appeal.

■ Both Williamson and the United States agree basically that Prince precludes any "pyramiding" of sentences under the Bank Robbery Act, at least where entry of a banking facility with intent to commit a felony against such bank or any larceny is one of the charges upon which conviction and sentence are based and when that intent is consummated in robbery or larceny. With Count 2 charging entry and Counts 5 and 6 charging larcency, a situation similar to Prince was presented. Both are in agreement, then, that the sentences aggregating twenty-eight years cannot stand.

The question, therefore, is whether, under Prince, the maximum imprisonment which could be imposed on resentencing was twenty years for the unlawful entry, Section 2113(a), or the eight years for the consummated larceny, Section 2113(b).

Williamson's counsel argues with vigorous resourcefulness that the choice of the lesser sentence is compelled by Prince but, if not, the sentence of eight years was within the twenty-year maximum and the District Court's discretion imposing a sentence of less than the maximum is not open to review. The basis attack is premised on the claim that there is no valid basis for distinction between entry and robbery, as in Prince, and entry and larceny, as here. That being so, then what was said in Prince is applicable here: "The gravamen of the offense [entry] is not in the act of entering, which satisfies the terms of the statute even if it is simply walking through an open, public door during normal business hours. Rather the heart of the crime is the intent to steal. This mental element merges in the completed crime if the robbery is consummated." 352 U.S. 322, 328, 77 S.Ct. 403, 1 L.Ed.2d 370, 374.

He points out also that in the discussion of the legislative history of the statute, the Court stated that "It was manifestly the purpose of Congress to establish lesser offenses" by the addition of the larceny provision while, at the same time, making entry an offense so that the frustrated thief would not escape punishment. 352 U.S. at page 327, 77 S.Ct. at page 406, 1 L.Ed.2d at page 373. This, he urges, is defeated if the Government's contention is followed since no lesser offense is created if larceny, for which the maximum sentence is ten years, may be expanded into a crime of entry with unlawful intent carrying with it a twenty-year maximum equal to the more serious crime of robbery because the thief necessarily had to enter the bank to commit the larceny.

While these arguments are advanced with consummate skill and find precise support in the dissent [3] of Chief Judge BRATTON, Purdom v. United States, 10 Cir., 249 F.2d 822, cert den. 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed. 273, we believe that the Government's contentions are right and should be followed.

■ The United States contends that Prince does no more than proscribe the pyramiding of sentences upon convictions for entry and larceny or robbery rather than effecting a merger of the one with either of the others. This view has been taken by other Courts of Appeal, Purdom v. United States, supra; Kitts v. United States, 8 Cir., 243 F.2d 883. We feel this view is correct for to hold otherwise would produce an anomalous interpretation of the statute which would allow one entering a bank with the intent to commit a felony (including larceny) against the bank to be sentenced to twenty years imprisonment if his intent should be frustrated but to no more than ten years if he should steal, as here, $28,194 and no more than one year if he should take less than $100.

3. 249 F.2d 822, at page 827: "If appropriate application of the doctrine of merger leads to the undesired result of less punishment than might otherwise be imposed, it is a matter to be corrected by Congress."

Cases decided by this Court since the decision of the Prince case in which related questions were presented are readily distinguishable from that now under consideration and in no way militate against the view which we have taken. Heflin v. United States, 5 Cir., 251 F.2d 69, dealt with the possible merger of violations of § 2113(c) receiving stolen money and § 2113(d) use in the course of a bank robbery of a dangerous weapon to jeopardize the life of any person, and rightly held that they constituted two separate and distinct offenses. Of similar import was Horne v. United States, 5 Cir., 246 F.2d 83, 86. Neither United States v. Di Canio, 2 Cir., 245 F.2d 713 (robbery § 2113(a) and dangerous weapon aggravation § 2113(d) merge) nor United States v. Tarricone, 2 Cir., 242 F.2d 555, 558 (attempt to rob § 2113(a) and dangerous weapon aggravation § 2113(d) merge) indicates that some other course would be proper.

We do not think either that Congress intended any such result or that Prince compels it.

■■ On the subsidiary point, while the argument is engaging, we do not think that it can be sustained. While it is, of course, true that within the teaching of Prince which permits a maximum sentence of twenty years for the combination of unlawful entry and consummated larceny, the Court may nevertheless, in its judicial discretion, fix a lesser sentence it is plain here that the Court did not make the choice of the lesser sentence (eight years) from this residual discretion. On the contrary, the Court treated it as though this result was compelled by Prince. Since, for the reasons we have stated, this view was erroneous, we ought not automatically to affirm the judgment merely because, had the Court been acting in accordance with the correct interpretation of that case, such action might either have been beyond review at all or unassailable, on a review because within the discretion of the Court. As in any other civil matter,

which a Section 2255 proceeding is, Taylor v. United States, 8 Cir., 229 F.2d 826, 832, the matter should be remanded for the application of proper principles by the District Court. Cf. Galena Oaks Corp. v. Scofield, 5 Cir., 218 F.2d 217, and Williams v. United States, 5 Cir., 252 F. 2d 887.

The cause must therefore be remanded so that the Court can determine the sentence to be imposed within the maximum of twenty years and for such further and other consistent action as may be required.

Reversed and remanded.

On Petition for Rehearing

PER CURIAM.

■ In his brief in support of a petition for rehearing, counsel urges upon us with continued energetic resourcefulness Williamson's contention that this Court lacks jurisdiction of this appeal because there is no applicable statutory provision allowing appeal by the Government in criminal cases of this type, see Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442; that what we have done dispenses with necessity for legislation, cf. e.g., 18 U.S.C.A. § 1404, and that even if this appeal were within 18 U.S.C.A. § 3731, jurisdiction would be in the Supreme Court of the United States, not here. Such contention ignores the long-established fact that a proceeding under 28 U.S.C.A. § 2255 is, like habeas corpus which it was enacted to simplify and largely supplant, a civil matter rather than criminal although it necessarily deals with criminal convictions. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Mercado v. United States, 1 Cir., 183 F. 2d 486; Estep v. United States, 5 Cir., 251 F.2d 579. The right of the Government to appeal in habeas corpus cases has properly been recognized by other Courts. See Patterson v. Jones, 9 Cir., 141 F.2d 319; and cf. United States v. Singer, 3 Cir., 5 F.2d 966. It is expressly provided that appeals under § 2255

shall be handled in the same manner. This being a civil proceeding, both parties have equal opportunity to appeal. No other new matter appearing in the petition, it is Denied.