**UNITED STATES of America**

v.

**Michael William McDONALD.**

**Crim. A. No. 7132.**

United States District Court,
D. New Hampshire.

Jan. 7, 1975.

Robert A. Schwartz, Asst. U. S. Atty., District of New Hampshire, Concord, N. H., for plaintiff.

Stephen E. Borofsky, McLane, Graf, Greene & Brown, Manchester, N. H., for defendant.

## ORDER ON MOTION TO VACATE AND RESENTENCE OR TO AMEND SENTENCE

BOWNES, District Judge.

Defendant was found guilty on March 9, 1972, for failure to report for and submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462(a). On April 7, 1972, defendant was sentenced and placed on probation for a period of three years. As a special condition of probation, he was required to work in a recognized hospital for his full probationary period. Defendant continues to comply with the terms of his probation.

On September 16, 1974, President Ford issued Proclamation No. 4313, announcing a General Amnesty Program for Return of Draft Evaders. 39 Fed. Reg. No. 33293 (1974). The General Amnesty Program applies to those persons who have not been adjudged guilty of violating 50 U.S.C. App. § 462(a). It provides that any person:

who has not been adjudged guilty in a trial for such offense, will be relieved of prosecution and punishment for such offense if he:

(i) presents himself to a United States Attorney before January 31, 1975,

(ii) executes an agreement acknowledging his allegiance to the United States and pledging to fulfill a period of alternate service under

the auspices of the Director of Selective Service, and

(iii) satisfactorily completes such service.

The period of alternate service is two years.

In conjunction with Proclamation No. 4313, the President established a Presidential Clemency Board to review the cases and records of persons adjudged guilty under § 462(a). Executive Order No. 11803, 39 Fed.Reg. 33297 (1974). In pertinent part Executive Order No. 11803 provides:

Sec. 2. The Board, under such regulations as it may prescribe, shall examine the cases of persons who apply for Executive clemency prior to January 31, 1975, and who (i) have been convicted of violating Section 12 or 6(j) of the Military Selective Service Act (50 App. U.S.C. § 462), or of any rule or regulation promulgated pursuant to that section, for acts committed between August 4, 1964 and March 28, 1973, . . . . .

Sec. 3. The Board shall report to the President its findings and recommendations as to whether Executive clemency should be granted or denied in any case. If clemency is recommended, the Board shall also recommend the form that such clemency should take, including clemency conditioned upon a period of alternate service in the national interest.

Defendant moves to have his sentence vacated, pursuant to 28 U.S.C. § 2255, and be resentenced under the Federal Youth Corrections Act. 18 U.S.C. § 5005 et seq. In the alternative, he seeks to have his sentence amended to conform with the two-year service period required by the President's Amnesty Program.

The first issue is whether the Presidential Pardon gives cause for this court to vacate, pursuant to § 2255 and resentence under the Federal Youth Corrections Act, a sentence whose procedure fully complied with the due process clause and was constitutionally imposed by a court of competent jurisdiction.

## THE LAW

Defendant argues that the Presidential Proclamation is a "sufficient change in law" which entitles him to be resentenced pursuant to § 2255. United States v. Williamson, 255 F.2d 512 (5th Cir. 1958), cert. denied, 358 U.S. 941, 79 S.Ct. 348, 3 L.Ed.2d 349 (1959); *see also* ABA Standards, Post-Conviction Remedies § 2.1(a)(vi) (1968). The Government argues that § 2255 is to be strictly interpreted and that its scope of relief is to be narrowly applied. Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 33 L.Ed.2d 1 (1972); United States v. Coke, 404 F.2d 836, 847 (2d Cir. 1968).

Defendant does not allege that his sentence was either illegally or improperly imposed. Dameron v. United States, 488 F.2d 724 (5th Cir. 1974); *Williamson, supra,* 255 F.2d at 514; United States v. Russo, 358 F.Supp. 436 (D.N.J.1973). The thrust of his argument is that it is inequitable for him to be burdened with a criminal record as a result of his Selective Service conviction, after he willingly subjected himself to the judicial process of this country and refused to flee to a foreign state, while those who did flee will be free of all criminal taint. In order to obviate this distinction and inequity, he moves to be resentenced under the Federal Youth Corrections Act. If he is resentenced under this statute, then his conviction may be set aside. 18 U.S.C. § 5021(b).

Defendant's position is novel and raises serious questions. Does a substantial change in law mandate § 2255 relief? If so, is the Presidential Proclamation a substantial change in law? It should be noted that the law under which defendant has been convicted and sentenced remains intact and valid. Its application, however, is suspended for a certain period provided that persons accept the terms of the Presidential Pardon. The power of pardon resides solely in the Executive Branch. U.S.Const. art. II, § 2. Federal district courts have no clemency powers. Ford v. Boeger, 362 F.2d 999 (8th Cir. 1966), cert. denied 386 U.S. 914, 87 S.Ct. 857, 17 L.Ed.2d 787 (1967); United States v. Patti, 291 F.2d 745 (3rd Cir. 1961). In substance, defendant seeks clemency.

■ There is, however, no need for me to decide these questions now. Without deciding the scope of relief afforded by § 2255, I find that the defendant has sought to redress his grievances in the wrong forum. The proper forum to which defendant should turn for appropriate relief is the Presidential Clemency Board. The Clemency Board was established and formulated to hear and resolve cases of this very nature. It is obvious that defendant seeks to be resentenced under the Federal Youth Corrections Act so that the albatross of a criminal conviction will be removed from his neck.

Defendant has fully complied with the terms of his probation. He went through the judicial process, has been adjudged guilty and has paid his debt to society. Others, unlike the defendant, chose another course and fled the country rather than face criminal prosecution. In returning to this country, they too will be required to partake in alternate service. They will not, however, be branded with a criminal record. Having a criminal record in our society is a grave handicap and it seems highly probable, and indeed almost constitutionally mandatory, that the Clemency Board will set aside the defendant's criminal record so that his punishment will be no greater than that imposed upon those who fled this country rather than be inducted or criminally prosecuted. A failure to do so would raise serious due process and equal protection questions: "to allow one to continue to be penalized for conduct which is now constitutionally immune from punishment would contravene basic concepts of justice and fairness." Scogin v. United States, 446 F.2d 416, 420 (8th Cir. 1971).

■ Defendant also seeks to have his three-year probationary period reduced to conform to the time period required by the Amnesty Program. The judicial power to reduce and modify the conditions of probation is not dependent on §

2255, but is statutorily granted. 18 U. S.C. § 3651 provides in pertinent part:

The court may revoke or modify any condition of probation, or may change the period of probation.

In accord with the power granted to me by 18 U.S.C. § 3651, I reduce the defendant's probation period to two years.

Defendant's motion to be resentenced under the Federal Youth Corrections Act is denied. His motion to amend sentence is granted.

So ordered.